**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE:  THE HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

_____
|                                                 )
PIPE & PILING SUPPLIES,                           )
|                                                 )
|                    Plaintiff,                    )
|                                                 )
|          v.                                      )          Court No. 24-00211
|                                                 )
UNITED STATES,                                    )
|                                                 )
|                    Defendant,                    )
|                                                 )
and                                               )
|                                                 )
AMERICAN LINE PIPE PRODUCERS                      )
ASSOCIATION TRADE COMMITTEE                       )
|                                                 )
|                    Proposed                      )
|                    Defendant-Intervenor.         )
_____)

## <u>DEFENDANT'S MOTION TO DISMISS AND RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR A STATUTORY INJUNCTION</u>

YAAKOV M. ROTH
Acting Assistant Attorney General

PATRICIA M. McCARTHY
Director

OF COUNSEL

Fee Pauwels
Associate General Counsel
Office of the United States Trade
Representative

CLAUDIA BURKE
Deputy Director

ISABELLE AUBRUN
Trial Attorney
U.S. Department of Justice, Civil
Division
P.O. Box 480, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-0465
Email: isabelle.aubrun@usdoj.gov

March 20, 2025

*Attorneys for Defendants*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES…………………………………………………………………..iii

STATEMENT OF THE FACTS……………………………………………………………….2

    I.    Binational Panel Review Under the United States-Mexico-Canada Agreement
        and Congress's Implementing Legislation……………………………………………2

    II.    Pipe & Piling's Challenge Does Not Comply With the Statutory Timing
        Requirements Governing Challenges Involving FTA Country Merchandise………...4

ARGUMENT…………………………………………………………………………...6

    I.    Pipe & Piling's Complaint Should be Dismissed Pursuant to
        Rule 12(b)(1) …………………………………………………………............6

        1.    Standard Governing A Motion to Dismiss Pursuant to Rule 12(b)(1) …………...6

        2.    This Court Does Not Possess Jurisdiction To Review Pipe & Piling's Challenge
            Because Plaintiff Has Not Complied With 19 U.S.C. § 1516a(g)(3)(B) …….…..7

    II.    In The Alternative, the Court Should Dismiss Pipe & Piling's Complaint
        For Failure to State a Claim Under Rule 12(b)(6) …………………………………..13

        1.    Standard Governing A Motion to Dismiss Pursuant to Rule 12(b)(1) …………..13

        2.    Pipe & Piling Has Failed to State a Claim Because It Has Not Complied
            With the Mandatory Requirements of 19 U.S.C. §§ 1516a(g)(3)(B) & (a)(5) ….13

    III.    Because the Court Lacks Jurisdiction, Plaintiff Is Not Entitled to a Preliminary
        Injunction …………………………………………………………………...18

CONCLUSION …………………………………………………………………….23

## <u>TABLE OF AUTHORITIES</u>

### CASES

*Amazon.com, Inc. v. Barnesandnoble.com, Inc.*,
    239 F.3d 1343 (Fed. Cir. 2001) ................................................................................. 19

*American Cast Iron Pipe Co. v. United States*,
    405 F. Supp. 3d 1378 (Ct. Int'l Trade 2019) ................................................ 7, 9, 12

*Arellano v. McDonough*,
    598 U.S. 1 (2023) ................................................................................... 14, 15, 16

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................... 13, 14

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ........................................................................................ 13

*Bell/Heery v. United States*,
    739 F.3d 1324 (Fed. Cir. 2014) ...................................................................... 13

*Bhullar v. United States*,
    27 C.I.T. 532 (Ct. Int'l Trade 2003) ............................................................ 7, 9

*Boechler, P.C. v. Commissioner*,
    596 U.S. 199 (2022) ................................................................................ 7, 10, 15

*Cedars-Sinai Med. Ctr. v. Watkins*,
    11 F.3d 1573 (Fed. Cir. 1993) .......................................................................... 6

*Desert Glory, Ltd. v. United States*,
    29 C.I.T. 462 (2005) ....................................................................... 7, 12, 17, 21

*Design Int'l Grp., Inc. v. United States*,
    113 F. Supp. 3d 1342 (Ct. Int'l Trade 2015) ................................................... 6

*Forest Indus. Assoc. v. United States*,
    444 F. Supp. 2d 1309 (2006) ............................................................................ 3

*Harrow v. DOD*,
    601 U.S. 480 (2024) ..................................................................................... 7, 8

iii

*Henderson v. Shinseki*,
    562 U.S. 428 (2011) ........................................................................................ 7

*J.D. Irving, Ltd. v. United States, DOC*,
    119 F.4th 48 (Ct. Int'l Trade 2024) ............................................................... 3

*Lozano v. Montoya Alvarez*,
    572 U.S. 1 (2014) .......................................................................................... 14

*Mazurek v. Armstrong*,
    520 U.S. 968 (1997) ................................................................................. 18, 19

*McNutt v. Gen. Motors Acceptance Corp. of Indiana*,
    298 U.S. 178 (1936) ........................................................................................ 6

*MOAC Mall Holdings LLC v. Transform Holdcon LLC*,
    598 U.S. 288 (2023) .................................................................................. 7, 10

*Norsk Hydro Can., Inc. v. United States*,
    472 F.3d 1347 (Fed. Cir. 2006) ...................................................................... 6

*Otter Prods., LLC v. United States*,
    37 F. Supp. 3d 1306 (Ct. Int'l Trade 2014) ................................................. 19

*Qingdao Taifa Group Co., Ltd. v. United States*,
    581 F.3d 1375 (Fed. Cir. 2009) .................................................................... 22

*Ruhrgas AG v. Marathon Oil Co.*,
    526 U.S. 574 (1999) ...................................................................................... 22

*Santos-Zacaria v. Garland*,
    598 U.S. 411 (2023) ........................................................................................ 7

*Steel Co. v. Citizens for a Better Environment*,
    523 U.S. 83 (1998) .......................................................................................... 6

*Sumecht NA, Inc. v. United States*,
    331 F. Supp. 3d 1408 (Ct. Int'l Trade 2018) ............................................... 19

*U.S. Association of Importers of Textiles & Apparel v. United States*,
    413 F.3d 1344 (Fed. Cir. 2005) .................................................................... 19

*United States v. Brockamp*,
    519 U.S. 347 (1997) ................................................................................. 14, 15

iv

*United States v. Cotton,*
    535 U.S. 625 (2002) ........................................................................................... 6, 20

*United States v. Kwai Fun Wong,*
    575 U.S. 402 (2015) ........................................................................................... 7, 8

*Winter v. Natural Resources Defense Counsel, Inc.,*
    555 U.S 7 (2008). ................................................................................................... 19

## STATUTES

19 U.S.C. §1516a(a)(2) ........................................................................ 3, 5, 8, 13

19 U.S.C. § 1516a ............................................................................................ passim

19 U.S.C. § 1516a(5)(A) ................................................................................ 1, 19

19 U.S.C. § 1516a(a) ................................................................................................ 3

19 U.S.C. § 1516a(a)(5)(A) ................................................................................ 16

19 U.S.C. § 1516a(f)(10) ........................................................................................ 2

19 U.S.C. § 1516a(g)(2) ................................................................ 9, 10, 11, 15

19 U.S.C. § 1516a(g)(3)(B) ........................................................................ passim

19 U.S.C. § 1516a(g)(8) ................................................................ 4, 16, 20

19 U.S.C. § 4501 ........................................................................................................ 2

19 U.S.C. § 4584(c) ............................................................................................... 21

19 U.S.C. §§ 1516a(a)(5) ............................................................................ passim

19 U.S.C. §§ 1516a(f)(6)-(7) ............................................................................... 9

19 U.S.C. §§ 1516a(g) ................................................................................. 3, 8, 9

19 U.S.C. §§ 1516a(g)(3)(B) ..................................................................... passim

28 U.S.C. § 1581(c) ......................................................................................... 3, 8

# COURT RULES

USCIT Rule 8 ........................................................................................................13

USCIT Rule 12(b)(1) ....................................................................................... passim

USCIT Rule 12(b)(6) ....................................................................................... passim

USCIT Rule 12(g)(3) ..........................................................................................6, 13

USCIT Rule 65(a) ...................................................................................................1

# LEGISLATIVE MATERIALS

Pub. L. No. 100-449 ............................................................................................ 2

Pub. L. No. 103-182 ............................................................................................ 2

Pub. L. No. 116-113 ............................................................................................ 2

S. Rep. No. 100-509, 100th Cong., 2d Sess. (1998) .................................................3,11

*United States-Canda Free Trade Agreement*, Statement of Administrative Action,
    H.R. Doc. No. 100-216, 100th Cong., 2nd Sess. (1988) …...............................11, 15

*North American Free Trade Agreement*, Statement of Administrative Action,
    H. R. Doc. 103-159, 103rd Cong., 450 (1993) ....................................................11

*North American Free Trade Agreement Implementation Act*
Report of the House Comm. On Ways and Means,
H. R. Doc. No. 103-361, 103d Cong. 1st Sess. (1993)...........................................3, 11

S. Report No. 103-361, 103d Cong., 1st Sess. (1993)...........................................3, 11

*United States-Mexico-Canada Agreement*, Statement of Administrative Action,
    H. Doc. 116-86, 116th Cong., 1st Sess. 243 (2019) ...............................................3

# ADMINISTRATIVE DETERMINATIONS

*Large Diameter Welded Pipe From Canada*,
    89 Fed. Reg. 86,787 (Dep't of Commerce Oct. 31, 2024)......................................4,5

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of International Trade (USCIT R.), defendant, the United States, respectfully requests that the Court dismiss the complaint filed by plaintiff Pipe & Piling Supplies (Pipe & Piling), a Canadian pipe producer, for lack of subject matter jurisdiction, or alternatively, for failure to state a claim. *See* Complaint, ECF Nos. 9, 10. This Court lacks jurisdiction to entertain Pipe & Piling's challenge to the Department of Commerce's (Commerce) final determination concerning large diameter welded pipe from Canada because plaintiff did not comply with the statutory notice requirement outlined in 19 U.S.C. § 1516a(g)(3)(B) – codifying the United States-Mexico-Canada Agreement (USMCA) – to provide notice of its intent to seek judicial review within 20 days of publication of the final results and did not commence this action within the mandated period of time pursuant to 19 U.S.C. § 1516a(5)(A). Because that notice requirement is jurisdictional, Pipe & Piling's complaint should be dismissed. And even if this Court finds it has jurisdiction, it should nevertheless dismiss Pipe & Piling's complaint because by failing to comply with the mandatory requirements, Pipe & Piling has not stated a claim upon which this Court can grant relief.

Further, pursuant to USCIT R. 65(a), we respectfully request that the Court deny plaintiff's motion for preliminary injunction, in which Pipe & Piling requests an order directing the Government to prevent liquidation of its entries of merchandise subject to the final results during the litigation. *See* Pl. Mot. for Prelim. Inj., ECF No. 13. Pipe & Piling has not demonstrated that it satisfies any of the four factors required to grant an injunction, particularly where, as here, Pipe & Piling brings a claim over which this Court has no jurisdiction.

## STATEMENT OF THE FACTS

I.    Binational Panel Review Under the United States-Mexico-Canada Agreement and
      Congress's Implementing Legislation

The United States, Canada, and Mexico are parties to the USMCA, which, among other

things, establishes trilateral free trade practices and remedies. United-States-Mexico-Canada

Agreement, July 1, 2020, https://ustr.gov/trade-agreements/free-trade-agreements/united-states-

mexico-canada-agreement/agreement-between (USMCA).  Congress "approve{ed}and

implement{ed} the Agreement between the United States of America, the United Mexican

States, and Canada" by enacting the USMCA Implementation Act.  19 U.S.C. § 4501.  By

enacting the USMCA Implementation Act, like with the North American Free Trade Agreement

(NAFTA) and United States-Canada Free-Trade Agreement (CFTA) before it, Congress

amended the U.S. Code to reflect the United States' obligations under the USMCA.  *Id.*; *see also*

United States-Canada Free-Trade Agreement Implementation Act of 1988, Pub. L. No. 100-449,

tit. IV, 102 Stat. 1851, 1878-98 (1988) (CFTA Implementation Act); North America Free Trade

Agreement Implementation Act, Pub. L. No. 103-182, tit. IV, 107 Stat. 2057, 2129-48 (1993)

(NAFTA Implementation Act); and United States-Mexico-Canada Agreement Implementation

Act, Pub. L. No. 116-113, tit. IV, 134 Stat. 11, 61-66 (2020) (USMCA Implementation Act).

The USMCA established a mechanism by which interested parties to a proceeding

involving free trade area (FTA) country[1] merchandise could challenge antidumping and

countervailing duty (AD/CVD) determinations before a binational panel.  *See* USMCA Art.

10.12 ("Review of Final Antidumping and Countervailing Duty Determinations").  Congress

implemented this binational panel review process in 19 U.S.C. § 1516a.  Binational panel

---

[1] "FTA country" means Canada and Mexico.  *See* 19 U.S.C. § 1516a(f)(10).

2

review, first introduced in the CFTA, was designed as an alternative forum to the Court of International Trade which, until CFTA's passage, had been the sole forum for *all* challenges to AD/CVD determinations. *See* S. Report, 100-509, 100th Cong., 2d Sess. (1998), at 28-231; S. Report, 103-361, 103d Cong., 1st Sess. at 70-71; Statement of Administrative Action, H. Doc. 116-86, 116th Cong., 1st Sess. 243, 268 (2019) (USMCA SAA). Binational panels apply AD/CVD law of the importing party, which "consists of the relevant statutes, legislative history, regulations, administrative practice, and judicial precedents to the extent that a court of the importing Party would rely on such materials in reviewing a final determination of the competent investigating authority." USMCA Art. 10.12(2); *see J.D. Irving, Ltd. v. United States, DOC*, 119 F.4th 48, 56 (Ct. Int'l Trade 2024) (explaining USMCA binational panel review); *Ont. Forest Indus. Assoc. v. United States*, 444 F. Supp. 2d 1309, 1312-14 (2006) (explaining NAFTA binational panel review). The panel comprises panelists from the three FTA countries and conducts proceedings to review AD/CVD determinations. USMCA, Annex 10-B, 10-B.2.

The Court of International Trade has jurisdiction to review challenges to AD/CVD determinations involving non-FTA country merchandise under 19 U.S.C. § 1516a(a); 28 U.S.C. § 1581(c). In those disputes, interested parties have 30 days from the date of publication of the final determination to bring a case in this Court. 19 U.S.C. §1516a(a)(2). Challenges to final determinations involving FTA countries, however, are governed by an entirely different timeline and procedures than those involving non-FTA countries. For FTA countries, the statute implements the binational panel review mechanism of the USMCA. *See* 19 U.S.C. §§ 1516a(g), (a)(5). In providing interested parties to a proceeding concerning FTA merchandise a venue to challenge the final determination, 19 U.S.C. § 1516a favors binational panel review, as envisioned by the USMCA. 19 U.S.C. § 1516a(g) ("Review of Countervailing Duty and

Antidumping Duty Determinations Involving FTA Country Merchandise").  Under this default, interested parties to a proceeding concerning FTA merchandise have 30 days from publication of a final determination within which to seek binational panel review. 19 U.S.C. § 1516a(g)(8); USMCA Art. 10.12(4).  During that 30-day period, parties are prohibited from seeking judicial review from this Court, and the statutory time limits for seeking judicial review are tolled.  *See* 19 U.S.C. §§ 1516a(a)(5), (5)(A) (actions challenging various types of determinations "may not be commenced…until…the 31st day after the date on which notice of the determination is published in the Federal Register"); USMCA Art. 10.12(15)(c)(i).

Parties may only elect and receive judicial review from the Court of International Trade if they adhere to the timing and procedural requirements of the statute—they must (1) provide timely notice of intent to seek binational panel review within 20 days of publication of the relevant determination to the necessary parties and (2) must then wait 10 more days until the 31st day after publication of the relevant determination before seeking judicial review in this Court. 19 U.S.C. §§ 1516a(g)(3), (a)(5)(A).  This two-pronged notice requirement directly tracks the USMCA, which assumes binational panel review for challenges to AD/CVD determinations involving FTA country merchandise, only permitting parties to pursue trade remedies in this Court under certain conditions.  *See* USMCA Art. 10.12(15)(c).

II.    <u>Pipe & Piling's Challenge Does Not Comply With the Statutory Timing
       Requirements Governing Challenges Involving FTA Country Merchandise</u>

On December 27, 2024, Pipe & Piling filed a complaint in the Court of International Trade challenging the October 31, 2024, final results of Commerce's administrative review of the AD order on large diameter welded pipe from Canada.  Compl., ECF No. 9; *see Large Diameter Welded Pipe From Canada: Final Results of Antidumping Duty Administrative*

*Review; 2022-2023*, 89 Fed. Reg. 86,787 (Dep't of Commerce Oct. 31, 2024) (*Final Results*)

(P.R. 85) and accompanying Issues and Decision Memorandum (IDM) (P.R. 84).[2]  In its

complaint, Pipe & Piling includes challenges to decisions made by Commerce.

Notwithstanding that the merchandise covered by the determination originated from an

FTA country, plaintiff failed to provide the necessary parties with the statutorily mandated notice

of its intention to seek judicial review. That is, Pipe & Piling did not file the 20-day notice of its

intent to initiate an action, required under 19 U.S.C. § 1516a(g)(3), prior to commencing this

action.  Pipe & Piling further disregarded the requirements of 19 U.S.C. § 1516a by filing the

present action on November 27, 2024—only 27 days after the date of publication of Commerce's

final results in the Federal Register.  Pipe & Piling makes no mention at all of those statutory

requirements in its summons or complaint.  Instead, Pipe & Piling alleges that this Court has

jurisdiction under 19 U.S.C. § 1516a(a)(2)—the provision that controls judicial review of *non*-

FTA countries.  *See* Compl. ¶ 4.

On February 11, 2025, the Court convened a status conference and on February 19, 2025,

the Court entered a temporary injunction preventing the United States from liquidating any

unliquidated entries of large diameter welded pipe exported by the collapsed entity—Pipe &

Piling Supplies Ltd.; 1045761 Ontario Ltd.; Spiralco Inc.—subject to the challenged final results

that were entered or withdrawn during the period of May 1, 2022, through April 30, 2023.  *See*

Order, ECF No. 22.  This injunction is temporary pending the resolution of the Government's

motion to dismiss.  *Id.*

---

[2] P.R. __ refers to documents in the public record and C.R. __ refers to documents in the
confidential record.

## ARGUMENT

I.  Pipe & Piling's Complaint Should be Dismissed Pursuant to Rule 12(b)(1)

The Court should dismiss Pipe & Piling's complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

    1.  Standard Governing A Motion to Dismiss Pursuant to Rule 12(b)(1)

Like all Federal courts, the Court of International Trade is a court of limited jurisdiction. *See Norsk Hydro Can., Inc. v. United States*, 472 F.3d 1347, 1355 (Fed. Cir. 2006). And the plaintiff bears the burden of establishing that its chosen forum has subject matter jurisdiction to consider its case. *Id.*; *see also Design Int'l Grp., Inc. v. United States*, 113 F. Supp. 3d 1342, 1344 (Ct. Int'l Trade 2015). Because subject-matter jurisdiction "involves a court's power to hear a case, it can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). The Court must always satisfy itself of its jurisdiction. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998). When a party challenges the Court's jurisdiction, a plaintiff cannot merely rely upon allegations in the complaint; it must bring forth relevant evidence sufficient to establish jurisdiction. *See McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936). "If the Rule 12(b)(1) motion denies or controverts the pleader's allegations of jurisdiction," "the allegations in the complaint are not controlling." *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993). When the requirements for establishing jurisdiction are not satisfied, the complaint must be dismissed. *See* USCIT R. 12(h)(3).

2.     This Court Does Not Possess Jurisdiction To Review Pipe & Piling's Challenge Because Plaintiff Has Not Complied With 19 U.S.C. § 1516a(g)(3)(B)

This Court has consistently found that a party's failure to provide notice of its intent to seek judicial review rather than binational panel review under the Special Rule outlined in 19 U.S.C. § 1516a(g)(3)(B) divests the Court of subject matter jurisdiction. *See Bhullar v. United States*, 27 C.I.T. 532, 543 (Ct. Int'l Trade 2003), *aff'd*, 93 F. App'x 218 (Fed. Cir. 2004); *American Cast Iron Pipe Co. v. United States*, 405 F. Supp. 3d 1378, 1382-83 (Ct. Int'l Trade 2019).[3]  Now, the Court should not hesitate to reaffirm these holdings where the statutory text and history of the 20-day notice requirement imposes a jurisdictional limit on this Court's ability to hear a challenge to an AD/CVD determination from an FTA country.  Because Pipe & Piling has not filed a notice of its intent to seek judicial—rather than binational panel—review, this Court should dismiss Pipe & Piling's complaint for lack of subject matter jurisdiction.

In recent years, the Supreme Court has explained that procedural time limits, such as statutes of limitations, are claims-processing rules; a party's noncompliance does not strip the forum court of its jurisdiction. *See United States v. Kwai Fun Wong*, 575 U.S. 402, 410 (2015); *see also Harrow v. DOD*, 601 U.S. 480, 484-85 (2024).  Under that formulation, a procedural rule is a jurisdictional limit on statutorily conferred power "only if Congress 'clearly states' that it is." *Santos-Zacaria v. Garland*, 598 U.S. 411, 416-17 (2023) (quoting *Boechler, P.C. v. Commissioner*, 596 U.S. 199, 203 (2022)).  For this Court to satisfy itself that a procedural requirement is jurisdictional, then, the Court must discern "Congress' likely intent." *MOAC Mall Holdings LLC v. Transform Holdcon LLC*, 598 U.S. 288, 298 (2023) (quoting *Henderson v.*

---

[3]  The Court has found the same where the challenging party did provide notice but did so far beyond the 20-day deadline. *See Desert Glory, Ltd. v. United States*, 29 C.I.T. 462, 464-66, 473-73 (2005).

*Shinseki*, 562 U.S. 428, 435 (2011)).  This "demand for a clear statement erects a 'high bar,'" which can only be overcome if "traditional tools of statutory construction . . . plainly show that Congress imbued the rule with jurisdictional consequences." *Harrow*, 601 U.S. at 410.  While legislative history is not needed where a statute's plain language is unambiguous, it may nevertheless be instructive.  *C.f.*, *Kwai Fun Wong*, 575 U.S. at 410 (finding that the legislative history did not discuss whether the relevant requirements were jurisdictional).

The Special Rule requiring interested parties to provide notice within 20 days of a final determination of its intent to seek judicial review bears little resemblance to a time bar.  Rather, it implements the obligations under the USMCA, which expressly provides for binational panel review of Commerce's AD/CVD determinations that concern merchandise from USMCA signatories.  *See* USMCA Art. 10.12 ("Review of Final Antidumping and Countervailing Duty Determinations").  Nevertheless, although the jurisdictional bar is a high one to clear, the 20-day Special Rule in 19 U.S.C. § 1516a(g) does so handily.

Section 1581 of Title 28 outlines the Court of International Trade's jurisdiction. Specifically, under that statute, this Court has exclusive jurisdiction to review AD/CVD determinations.  28 U.S.C. § 1581(c).  When the determination under review involves merchandise from a non-FTA country, interested parties have 30 days from the date final results are published to seek judicial review in this Court.[4]  *See* 19 U.S.C. § 1516a(a)(2) ("Review of determinations on record."). When the determination under review involves merchandise from a FTA country, however, interested parties must provide timely notice of their intent to seek judicial review to specified Government officials and all interested parties in the case.  19 U.S.C.

---

[4]  Whether the procedural requirements of 19 U.S.C. § 1516a(a)(2) are jurisdictional is not at issue in this case. FTA

§ 1516a(g)(3)(B); *see also American Cast Iron Pipe Co.*, 405 F. Supp. 3d at 1382-83; *Bhullar*, 27 C.I.T. at 543 (Ct. Int'l Trade 2003), *aff'd*, 93 F. App'x 218 (Fed. Cir. 2004). Specifically, such a determination is reviewable only if the party seeking to commence judicial review has provided timely notice of this intent to: (1) the United States Secretary and the relevant FTA Secretary;[5] (2) all interested parties who were parties to the relevant proceeding; and (3) the administering authority or the Commission, as appropriate. 19 U.S.C. § 1516a(g)(3)(B). Pipe & Piling's failure to provide timely notice of its intent to seek judicial review renders this Court unable to entertain the action.

The plain language of 19 U.S.C. § 1516a(g) confirms that this notice requirement is jurisdictional. Congress conferred exclusive jurisdiction to the USMCA binational panels to review determinations resulting from FTA country merchandise. 19 U.S.C. § 1516a(g)(2) ("Exclusive review of determination by binational panels."). "If binational panel review of a determination is requested pursuant to…article 10.12 of the USMCA, then, except as provided in paragraphs (3) and (4), the determination is not reviewable under subsection (1), and no court of the United States has *power or jurisdiction* to review the determination on any question or law or fact by an  action in the nature of mandamus or otherwise." *Id.* (emphasis added).

Under 19 U.S.C. § 1516a(g)(3), the only way that an interested party such as Pipe & Piling can instead get *judicial*, rather than binational panel, review is to provide timely notice to other interested parties of its intent to seek a different forum. *See* 19 U.S.C. § 1516a(g)(3)(B); *see also* USMCA Art. 10.12(15)(c)(ii) ("In order to achieve the objectives of this Article … each

---

[5] The United States Secretary and the FTA Secretaries are officials from the three USMCA countries who provide administrative assistance to facilitate the work of panels and committees in USMCA dispute settlement proceedings. *See* 19 U.S.C. §§ 1516a(f)(6)-(7); USMCA Art. 10.16.

party shall maintain or amend its statutes or regulations to ensure that *as a prerequisite to commencing domestic judicial review procedures* to review a final determination, a Party … intending to commence such procedures shall provide notice of such intent to {relevant parties} no later than 10 days prior to the latest date on which a panel may be requested." (emphasis added)).  Upon receiving the notice required by 19 U.S.C. § 1516a(g)(3)(B), which Pipe & Piling failed to provide in this case, within the 10-day period, parties may elect to request binational panel review, which would vest exclusive jurisdiction over the matter with the binational panel. 19 U.S.C. §§ 1516a(g)(2) &(g)(3)(A)(i).

Here, Congress has demonstrably conditioned this Court's ability to hear a challenge to an FTA-country determination on the 20-day notice requirement because providing proper notice strips the forum that would otherwise have exclusive jurisdiction of that power.  *C.f.*, *Boechler*, 596 U.S. at 205-06.  There is a "clear tie" between the default grant of jurisdiction to binational panels outlined in 19 U.S.C. § 1516a(g)(2) and the distinct requirements enumerated in the neighboring provision, 19 U.S.C. §1516a(g)(3)(B).  This is a narrow exception to the exclusive review of certain AD/CVD duty determinations by binational panels that renders determinations instead "reviewable" by the Court of International Trade.  *Id.*; *see also MOAC Mall Holdings LLC*, 598 U.S at 300-01.

Even though the plain meaning of the relevant statutory provisions disposes of the issue, "'Congress' likely intent'" to condition this Court's jurisdiction to consider a case *only if* a requesting party provides timely notice of its intent to seek judicial review is also evident in the legislative history of this provision of 19 U.S.C. §1516a(g)(3)(B).  *See MOAC Mall Holdings LLC*, 598 U.S. at 298.  Congress understood when it first adopted laws to protect the place of binational panel review in the larger scheme of adjudicating AD/CVD disputes involving

merchandise from the FTA countries that the option for binational panel review displaced the

system at the time.  That is, Congress undid the Court of International Trade's exclusive

jurisdiction to review challenges to those determinations—then only between the United States

and Canada—and transferred "exclusive jurisdiction" to hear the challenge to the binational

panel, if requested.  *See* Statement of Administrative Action, H.R. Doc. No. 100-216, 100th

Cong., 2nd Sess. (1988), at 261 (CFTA Statement of Administrative Action); *see* 19 U.S.C. §

1516a(g)(2).  At the time, the Congressional committees considering the CFTA Implementation

Act explained, "the replacement of domestic judicial review of determinations in antidumping

and countervailing duty cases involving imports from the other party with review by binational

panels" was the "central feature" of the CFTA's amendments to the Tariff Act of 1930.  H.R.

Doc. No. 100-509, 100th Cong. 2nd Sess. (1998), at 30 (Approving and Implementing the United

States-Canada Free Trade Agreement, Reports).  Interested parties could only overcome this

exclusive jurisdiction and avail themselves of *judicial* review at the Court of International Trade

by providing notice of intent to seek a forum other than the default.  *See* CFTA SAA at 263.[6]

Congress explained that the "purpose of {the notice requirement} was to allow affected

parties sufficient time in which to make an informed choice of forums."  CFTA SAA at 101. The

20-day notice requirement, which first originated in CFTA as a prerequisite for commencing

domestic judicial review procedures and is now incorporated in 19 U.S.C. § 1516a(g)(3)(B) and

---

[6]  When Congress implemented NAFTA, it "largely duplicate{d}, on a trilateral basis, the
procedures currently in effect between the United States and Canada under the CFTA for
binational panel review of final antidumping and countervailing duty determinations{,}" leaving
intact the binational panel review system. *See* H. Doc. 103-159, 103rd Cong., 450, 643 (1993);
*see also* H.R. Doc. No. 103-361, 103d Cong. 1st Sess. (1993), at 78-79 (Report from the Ways
and Means Committee of the House of Representatives).  The USMCA left that structure in
place.  See 19 U.S.C. § 1516a(g) & 1516a(5) *see also* USMCA SAA at 268.

in Article 10.12(15)(c) of the USMCA, provides all interested parties to the proceeding with a minimum of 10 days within which they may decide to invoke USMCA binational review after receiving notice from another party. *American Cast Iron Pipe Co.*, 405 F. Supp. 3d at 1383. Indeed, "requiring delivery of notice of intent to commence judicial review well before the time for requesting a binational panel expires is essential to fulfilling the purpose of that notice{.}" *Desert Glory, Ltd.*, 29 C.I.T. at 472; *see also American Cast Iron Pipe Co.*, 405 F. Supp. 3d at 1383 (discussing the 20-day notice requirement as a means "to effectuate the priority the statute gives to 'exclusive review' by a binational panel" (internal citation omitted)).

Additionally, Pipe & Piling's failure to comply with the requirement that interested parties wait 30 days before filing their complaint further deprives the Court of jurisdiction in this matter.  To give full effect to the option for binational panel review, interested parties are required to wait the full 30 days that an interested party has for seeking binational panel review before they may avail themselves of the Court of International Trade's jurisdiction. *See* 19 U.S.C. § 1516a(a)(5) (judicial review of FTA country determinations, "described in paragraph (1)(B) or clause (i), (ii) or (iii) of paragraph (2)(B," "*may not be commenced*, and the time limits for commencing an action under this subsection shall not begin to run, until…*the 31st day after the date on which notice of the determination is published in the Federal Register*.") (emphasis added).  Because this part of the statute protects a meaningful right to the preference for binational panel review with respect to merchandise from the FTA countries, a party's failure to comply with the statute affirms the Court's lack of jurisdiction.

II.     <u>In The Alternative, the Court Should Dismiss Pipe & Piling's Complaint For Failure to State a Claim Under Rule 12(b)(6)</u>

If the Court finds that it has jurisdiction to consider Pipe & Piling's claim, it nevertheless should dismiss the complaint under Rule 12(b)(6) for a failure to state a claim upon which relief can be granted.  Pipe & Piling has not stated a claim for which the Court can provide relief because it has not plausibly alleged—nor can it—that Pipe & Piling complied with the procedural rules required to bring a claim as an FTA country.  The provisions of 19 U.S.C. § 1516a governing USMCA cases are mandatory and not subject to equitable tolling.

1.     <u>Standard Governing A Motion to Dismiss Pursuant to Rule 12(b)(6)</u>

A complaint that "fail{s} to state a claim upon which relief can be granted" must be dismissed.  *See* USCIT R. 12(b)(6); *see also* USCIT R. 8; USCIT R. 12(h)(3).  In evaluating plaintiff's complaint, this Court "must accept well-pleaded factual allegations as true and must draw all reasonable inferences in favor of the claimant."  *Bell/Heery v. United States*, 739 F.3d 1324, 1330 (Fed. Cir. 2014) (citation omitted).  A plaintiff will only be permitted to proceed if the complaint contains "sufficient factual matter" to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 579 (2007)).  Mere, "naked assertion[s]" "without some further factual enhancement" are not enough.  *See Twombly*, 550 U.S. at 557.

2.     <u>Pipe & Piling Has Failed to State a Claim Because It Has Not Complied With the Mandatory Requirements of 19 U.S.C. §§ 1516a(g)(3)(B) & (a)(5)</u>

Pipe & Piling brings its challenge to the *Final Results* "pursuant to Section 516A(a)(2) of the Tariff Act of 1930, as amended (the "Act"), 19 U.S.C. § 1516a(a)(2)."  Compl. ¶ 4. According to its complaint, Pipe & Piling alleges facts claiming to have timely filed a summons "within 30 days from the date of publication of the *Final Results*."  *Id.* at ¶ 7.  Although that fact

is true, it is nevertheless insufficient to entitle Pipe & Piling to relief because, as explained in Section I, Pipe & Piling is an exporter of merchandise from a FTA country that may *only* challenge Commerce's determinations in this Court consistent with 19 U.S.C. §§ 1516a(a)(5), (g)(3).  Pipe & Piling has not plead "sufficient factual matter" to plausibly suggest that it complied with the requirements outlined by the USMCA and implemented by Congress. *Ashcroft*, 556 U.S. at 678.  Pipe & Piling does not allege in its complaint that it provided notice of intent to seek judicial review *at all*, let alone within the required 20-day period.  Nor does it allege that it waited for the 30-day period during which other interested parties could seek binational panel review before filing its own summons.  In fact, Pipe & Piling's complaint is evidence of the exact opposite—it commenced this action on November 27, 2024, *i.e.*, only 27 days after the publication of the *Final Results* and without providing any notice of intent to seek judicial review.

This Court may not excuse Pipe & Piling's failure to comply with the statutory requirements that it (1) provide notice of its intent to seek judicial review within 20 days of receiving a final determination, and (2) wait 31 days before it can file a summons in this Court. *See* 19 U.S.C. §§ 1516a(g)(3), (a)(5).  These provisions are mandatory and not subject to equitable tolling.

"Equitable tolling 'effectively extends an otherwise discrete limitations period set by Congress.'"  *Arellano v. McDonough*, 598 U.S. 1, 6 (2023) (quoting *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014)).  While there is a presumption that a procedural deadline is subject to equitable tolling, it can be overcome "if equitable tolling is inconsistent with the statutory scheme."  *Id.* (citations omitted); *see also United States v. Brockamp*, 519 U.S. 347, 350 (1997) (the dispositive question is whether "{there} is good reason to believe that Congress did *not* want

14

the equitable tolling doctrine to apply?") (emphasis in original)).  Where, as here, Congress has

enacted a detailed statutory structure that already outlines the exceptions to a default, a court

should decline to read in additional exceptions.  *See Arellano*, 598 U.S. at 8; *see also Brockamp*,

519 U.S. at 352.  Here, Congress has enacted a detailed statutory structure for challenging

Commerce's determinations regarding merchandise from the FTA countries, providing for an

exclusive binational panel review in 19 U.S.C. § 1516a(g)(2) and outlining the exceptions to

exclusive binational panel review in 19 U.S.C. §§ 1516a(g)(3) & (4).  Procedural requirements

that are made explicit or outlined in "unusually emphatic form" using "detailed technical

language {that} could not easily be read as containing implicit exceptions" and is "reiterated

multiple times" are correctly understood as mandatory.  *See Boechler*, 596 U.S. at 209-10.

  While a notice requirement is not the typical rule for which Courts have occasion to

consider equitable tolling, in this instance, "tolling" a notice requirement would mean permitting

interested parties to provide their 20-day notice of intent to seek binational panel review

sometime *later* than the first 20 days after a final AD/CVD determination is issued.  However,

providing such a belated notice to parties is no substitute.  As a result of Pipe and Piling's failure

to provide the statutorily mandated notice, the deadline to seek a binational review of

Commerce's determination has now passed and the parties have been deprived of the procedural

rights they would have had if the notice was timely provided.  Accordingly, to suggest that the

20-day Special Rule for seeking judicial review is subject to equitable tolling is wholly

inconsistent with the adjudicatory scheme envisioned by the USMCA and enacted by Congress.

The notice provision serves to effectuate the purpose of binational panel review as a replacement

for judicial review.  CFTA SAA at 263.  But this notice provision only works if it runs

concurrently with the time limits that govern a party's ability to seek binational panel review at

all.  *See* 19 U.S.C. § 1516a(g)(8) ("Request for Binational Panel Review").  In the same way, the 31-day waiting period before which interested parties "*may not {} commence{}*" an appeal of a determination by Commerce involving FTA country merchandise is the mechanism by which Congress enforces a party's protected right to seek binational panel review.  *See* 19 U.S.C. §§ 1516a(a)(5), (g)(8).

The part of the statute permitting interested parties to seek judicial, rather than binational panel, review "operates as a limited exception" to the default presumption that the binational panel have exclusive jurisdiction.  *See Arellano*, 598 U.S. at 8-9 (explaining that Congress had already provided for exceptions to a default rule such that equitably tolling the exception would undermine the statutory scheme); 19 U.S.C. §1516a(g)(3).  Here too, "{i}f Congress wanted" to limit exclusive binational panel review in favor of judicial review through additional unspecified maneuvers, "it is difficult to see why it spelled out" the precise way for seeking judicial review as an exception, in a way that perfectly tracks the USMCA, no less.  *See Arellano*, 598 U.S. at 8-9.

Both the purpose of the USMCA binational panel mechanism and the statutory language that implements the USMCA illustrate that Congress understood the importance of the notice provision to protect exclusive jurisdiction of binational panel.  19 U.S.C. § 1516a(g)(3).  USMCA Article 10.12 allows for judicial review of final determinations only if no party *first* requests binational panel review.  *See* USMCA at Art. 10.12(12(a)).  In so enacting into law, Congress intentionally altered the timeline for requesting judicial review in proceedings involving Canada and Mexico to ensure that the opportunity to seek binational review system remained protected.  19 U.S.C. § 1516a(a)(5)(A).  And under this alternative timeline, the 31-day toll is integral to protecting the opportunity to seek binational panel review, regardless of

whether it is ultimately requested.  *See Desert Glory, Ltd.*, 29 C.I.T. at 472 (citing CFTA SAA).

To find that the Court can simply delay the starting of the 20-day notice period, or accept a

party's early summons, would be absurd, where both provisions run concurrently with the 30-

day period during which parties may request binational panel review.  If parties were permitted

to provide the notice *after* the time to request binational panel review had lapsed, it would undo

the very purpose of the provision:  to protect the right of binational panel review.  Equitable

tolling of a party's *early* commencement of judicial review would do the same.  And this

impermissibly risks prejudicing rights and obligations that all three signatories to the USMCA

agreed to protect for one another.

    In sum, Pipe & Piling may not circumvent this detailed notice requirement and timeline

for pursuing judicial review in this case, particularly where (as here) interested parties have not

been timely notified of the plaintiff's intent to even pursue judicial review, nor afforded their full

right to seek binational panel review.  The statutory framework that Congress imported from the

USCMA to 19 U.S.C. § 1516a makes clear that the only exception to binational panel review is

by following the procedural and timing requirements of the statute; failure to do so is not

something that this Court can disregard.

    The Court should therefore, at a minimum, dismiss for failure to state a claim where Pipe

& Piling does not plausibly allege it has complied with the very statutory provision that governs

this dispute.

III.    <u>Because the Court Lacks Jurisdiction, Pipe & Piling Is Not Entitled to a Preliminary
        Injunction</u>

Because the Court lacks jurisdiction to hear this case, there is no basis for granting Pipe
& Piling's request for preliminary injunctive relief.  Pipe & Piling argues that it is entitled to a
statutory injunction in this case because it would suffer irreparable harm if the relevant entries
were liquidated, and because it alleges it is likely to succeed on the merits both of the
jurisdictional issue and of the "substantial legal issues" it has raised concerning Commerce's
underlying determination.  Pl. Mot. for Stat. Inj. at 4-7.[7]  Plaintiff further argues it would suffer
significant hardship by virtue of liquidation and alleges that an opportunity for meaningful
judicial review serves the public interest.  *Id.* at 7-8.

Although the traditional, four factor, analysis for whether a statutory injunction is proper
applies to Pipe & Piling's motion for a statutory injunction, the most salient—and decisive—
issue here is the likelihood of success on the merits.  Because the Court is foreclosed from
considering Pipe & Piling's complaint at all—because the requirements of 19 U.S.C. § 1516a are
jurisdictional, or at a minimum mandatory—Pipe & Piling can never succeed on the merits and
should therefore not be granted a temporary injunction.

Injunctive relief "should not be granted unless the movant, *by a clear showing*, carries the
burden of persuasion."  *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original).
To obtain a preliminary injunction, a party must establish that the following four elements are
"likely": "(1) that it will be immediately and irreparably injured; (2) that there is a likelihood of

---

[7]  Pipe & Piling made this argument prior to the Court's entry of a temporary injunction for the
pendency of the Court's consideration of the Government's motion to dismiss.  *See* Order, ECF
No. 22.  The Government therefore responds in opposition to Pipe & Piling's request for an
injunction alongside its motion to dismiss.

success on the merits; (3) that the public interest would be better served by the relief requested; and (4) that the balance of hardship on all the parties favors the {movant}." *Otter Prods., LLC v. United States*, 37 F. Supp. 3d 1306, 1314 (Ct. Int'l Trade 2014); *see also Winter v. Natural Resources Defense Counsel, Inc*., 555 U.S 7, 20-21 (2008). Thus, if Pipe & Piling fails to establish any one factor by a "clear showing," the motion must be denied. *Mazurek*, 520 U.S. at 972; *see also Sumecht NA, Inc. v. United States*, 331 F. Supp. 3d 1408, 1412 (Ct. Int'l Trade 2018), *aff'd*, 923 F.3d 1340 (Fed. Cir. 2019) (failure to demonstrate immediate irreparable harm compels denial of preliminary injunction); *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001) (plaintiff cannot be granted preliminary relief "unless it establishes *both* of the first two factors, *i.e.*, likelihood of success on the merits and irreparable harm") (emphasis in original)).

Pipe & Piling has not shown that it has a likelihood of success on the merits of its case. Plaintiff claims that it will "lose its statutory right to seek meaningful judicial review" without an injunction. Pl. Mot. for Stat. Inj. at 3. But, as we established in Section I, Pipe & Piling has no right to judicial review in the first instance because it failed to take the statutorily directed steps necessary to create jurisdiction for the Court over this determination, pursuant to 19 U.S.C. § 1516a(g)(3)(B) and 19 U.S.C. § 1516a(5)(A). This was a failure of its own design.

Whether Pipe & Piling can establish the likelihood of success on the merits necessarily turns on whether this Court can even consider the merits at all. Because this Court lacks jurisdiction over plaintiff's claims, plaintiff is unlikely to succeed on the merits. The question of subject-matter jurisdiction is the *primary consideration* in answering this question. *See U.S. Association of Importers of Textiles & Apparel v. United States*, 413 F.3d 1344, 1348 (Fed. Cir. 2005) (the Court "disagree{d} … that the jurisdictional arguments could be ignored in ruling on

19

{plaintiff's} preliminary injunction motion.")  And the relevant statute governing requests for judicial, rather than binational panel, review for challenges to determinations concerning FTA countries makes clear that this Court lacks jurisdiction to hear this case by virtue of plaintiff's failure to provide the necessary 20-day notice, which is a prerequisite for invoking the narrow exception to the exclusive binational panel review. *See* 19 U.S.C. §§ 1516a(g)(3)(B).  This is not, as Pipe & Piling suggest, mere "harmless error," Pl. Mot. for Stat. Inj. at 6, where subject matter jurisdiction "can never be forfeited or waived."  *Cotton*, 535 U.S. at 630.

Even if the Court were to find that 19 U.S.C. §1516a(g)(3) is not a jurisdictional bar on its ability to consider Pipe & Piling's claims, plaintiff is nevertheless unlikely to succeed on the merits because it has not complied with the statutory requirements that are prerequisite for seeking a judicial review of AD/CVD determinations involving FTA country merchandise.  Pipe & Piling neither provided notice of its intent to seek judicial review within 20 days of the publication of final results, 19 U.S.C. §1516a(g)(8), nor did it wait the required 31 days before filing a summons in this Court, 19 U.S.C. §1516a(a)(5).  As we explained in Section II, Pipe & Piling was required to follow these mandatory instructions in order to state a claim for relief. Because it has not, Pipe & Piling has not demonstrated a likelihood of success on the merits.

None of Pipe & Piling's remaining arguments overcome the improbability of success on the merits.  Pipe & Piling is incorrect that its failure to provide its notice of intent is of no consequence because the underlying determination involves an antidumping proceeding in which the Canadian government is not participating.  *Id.* at 6.  The statute does not distinguish between antidumping and countervailing duty proceedings for this purpose, nor is it relevant that the

government of Canada was not involved in the administrative review.[8]  Pl. Mot. for Stat. Inj. at

6-7.  "In AD or CVD cases involving a product from {an FTA country}, panel review will in

effect substitute for judicial review by national courts, *unless both governments and the private*

*parties* involved decline to request a panel," as Congress intended.  CFTA SAA at 96 (emphasis

added).

Finally, Pipe & Piling is incorrect that simply because no party has requested binational

panel review, judicial review in this Court "would not deprive the ability of any other parties to

seek their preferred method of review."  Pl. Mot. for Stat. In. at 6.  Because Pipe & Piling failed

to file a 20-day notice of intent to commence judicial review, no parties were even on notice of

the need to request binational panel review.  Pipe & Piling deprived other interested parties of

their right to "make an informed choice of forums."  *Desert Glory, Ltd.*, 29 C.I.T. at 472 (citing

CFTA SAA at 101).  Further, it is 19 U.S.C. §§ 1516a(a)(5) and (g)(3)(B) alone that protect

parties' ability to seek binational panel review.  The binational panel system holds neither the

power of equitable tolling, nor the power of removal.  These provisions are the very mechanism

by which Congress intended to protect the *exclusive* jurisdiction of the binational panel system,

by limiting the Court's ability to hear these cases unless the specified requirements for an

exception to the general rule are met.  Preservation of the right to seek binational panel review—

as Congress intended—thus does not ask whether a party *did* request binational panel review, but

strictly requires following both provisions.  Both the notice of intent to commence judicial

---

[8] Private party requests for panel review are deemed requests "within the meaning of article 10.12" of the USMCA.  *See* 19 U.S.C. § 4584(c).  In particular, pursuant to 19 U.S.C. § 4584(c), when the U.S. USMCA Secretary receives a private party's request for binational panel review, that receipt is "deemed" a USMCA nation's request for such review pursuant to Article 10.12 of USMCA.  Therefore, private parties, including the petitioners, could have sought binational panel review irrespective of the Canadian government's involvement in the review.

21

review and the specified time limitations to commencing judicial review are designed to preserve the *opportunity* to request exclusive binational panel review, and as discussed above, failure to abide by either statutory provision limits the Court's jurisdiction to hear this case. Because the Court lacks jurisdiction to hear this case, plaintiff cannot succeed on the merits.

Although the unlikelihood of Pipe & Piling's success on the merits is sufficient grounds on which to deny Pipe & Piling's request for a preliminary injunction, we briefly address the remaining injunction factors. Pipe & Piling has not made a showing of immediate irreparable harm. The risk of irreparable harm in Pipe & Piling's motion is premised on the assumption that were the entries liquidated, this would render "meaningless" any relief. Mot. for Stat. Inj. at 4. However, because this Court is not able to provide relief in this case, there is no possibility of irreparable harm that an injunction can redress. Pipe & Piling has similarly failed to demonstrate that the balance of hardships weighs in its favor. Irrespective of how limited the burden of suspending liquidation may be, the onus is on the plaintiff to demonstrate that the potential harm it may face *exceeds* that of the Government. *See Qingdao Taifa Group Co., Ltd. v. United States*, 581 F.3d 1375, 1382 (Fed. Cir. 2009). Pipe & Piling faces no possible harm in this scenario, because this Court is unable to hear its appeal of the determination covering the entries for which Pipe & Piling seeks suspension of liquidation. Importantly, the public interest weighs heavily in favor of denying Pipe & Piling's request a statutory injunction. For one, it is squarely in the interest of the public that the Court uphold the jurisdictional limitations on its own ability to adjudicate a dispute where the statute demands it. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("Subject-matter limitations on federal jurisdiction serve institutional interests. They keep the federal courts within the bounds the Constitution and Congress have prescribed."). And, the public interest is doubly served by protecting the binational panel review

system that has been repeatedly agreed to by the United States along with its trilateral free trade partners, and implemented by Congress.  The Court should therefore deny Pipe & Piling's request for a statutory inunction.

## **CONCLUSION**

For these reasons, we respectfully request that the Court dismiss this action pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, or in the alternative, pursuant to Rule 12(b)(6) for failure to state a claim, and deny Pipe & Piling's motion for a statutory injunction.

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

PATRICIA M. MCCARTHY
Director

s/ Claudia Burke
CLAUDIA BURKE
Deputy Director

s/ Isabelle Aubrun
ISABELLE AUBRUN
Trial Attorney
OF COUNSEL:                              Commercial Litigation Branch
                                         Civil Division
FEE PAUWELS                              United States Department of Justice
Attorney                                 P.O. Box 480
Office of the Chief Counsel              Ben Franklin Station
    for Trade Enforcement and Compliance    Washington, D.C. 20044
United States Department of Commerce     Tel: (202) 598-3846

March 20, 2025                           *Attorneys for Defendant*

24

**<u>CERTIFICATE OF COMPLIANCE</u>**

I hereby certify, pursuant to section 2(B)(1) of the Standard Chambers Procedures of this Court, that this brief contains no more than 6,970 words, excluding the table of contents, table of authorities, any addendum containing statutes, rules or regulations, any certificates of counsel, and counsel's signature, as calculated by the word processing system used to prepare this brief (Microsoft Word).

<u>/s/ Isabelle Aubrun</u>

25

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE:  THE HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

_____
                                                    )
PIPE & PILING SUPPLIES,                 )
                                                    )
                    Plaintiff,              )
                                                    )
          v.                                  )          Court No. 24-00211
                                                    )
UNITED STATES,                             )
                                                    )
                    Defendant,             )
                                                    )
and                                             )
                                                    )
AMERICAN LINE PIPE PRODUCERS    )
ASSOCIATION TRADE COMMITTEE    )
                                                    )
                    Proposed               )
                    Defendant-Intervenor.  )
_____)

## <u>ORDER</u>

On consideration of defendant's motion to dismiss, plaintiff's response, and all other papers, it is

hereby

        ORDERED that the defendant's motion is granted and, it is further;

        ORDERED that the complaint is dismissed.


Dated: _____              _____
        New York, New York                    Stephen Alexander Vaden, Judge