**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

PIPE & PILING SUPPLIES,

                    Plaintiff,

          v.

UNITED STATES,

                    Defendant.

Before: Hon. Stephen Alexander Vaden, Judge

Court No. 24-00211

**PROPOSED DEFENDANT-INTERVENOR THE AMERICAN LINE PIPE PRODUCERS ASSOCIATION TRADE COMMITTEE'S BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Timothy C. Brightbill, Esq.
Laura El-Sabaawi, Esq.
Elizabeth S. Lee, Esq.

WILEY REIN LLP
2050 M Street, NW
Washington, DC 20036
(202) 719-7000

*Counsel to the American Line Pipe Producers Association Trade Committee*

March 27, 2025

Ct. No. 24-00211

## <u>TABLE OF CONTENTS</u>

**Page**

I.    INTRODUCTION ...................................................................................................1

II.    ARGUMENT .......................................................................................................1

    A.    Pipe & Piling's Failure to Comply with the Statutory Requirements For Determinations Involving USMCA Parties Deprives the Court of Jurisdiction................ 1

    B.    Equitable Tolling Does Not Apply to Pipe & Piling's Failure to Comply with the Statutory Requirements......................................................................................... 3

III.    CONCLUSION....................................................................................................5

Ct. No. 24-00211

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*All Tools, Inc. v. United States*,
    34 CIT. 1318 (2010) ................................................................4

*Arellano v. McDonough*,
    598 U.S. 1 (2023)....................................................................4

*Boechler, P.C. v. Comm'r of Internal Revenue*,
    596 U.S. 199 (2022)...............................................................2

*Former Emps. of Siemens Info. Commc'n Networks, Inc. v. Herman*,
    24 CIT 1201, 120 F. Supp. 2d 1107 (2000) ...........................4

*Harrow v. DOD*,
    601 U.S. 480 (2024)...............................................................2

*Irwin v. Dep't of Veterans Affairs*,
    498 U.S. 89 (1990).................................................................4

*Santos-Zacaria v. Garland*,
    598 U.S. 411 (2023)...............................................................2

*United States v. Wong*,
    575 U.S. 402 (2015)...............................................................2

**Statutes**

19 U.S.C. § 1516a(5)(A)...........................................................3

19 U.S.C. § 1516a(f)(9) ............................................................1

19 U.S.C. § 1516a(g)(2).............................................................2

19 U.S.C. § 1516a(g)(3)(A).........................................................2

19 U.S.C. § 1516a(g)(3)(B).........................................................2

Tariff Act of 1930 Section 516A ............................................1, 2

Tariff Act of 1930 Section 516A(g)(2)........................................1

Ct. No. 24-00211

**Administrative Materials**

*Large Diameter Welded Pipe from Canada*,
  89 Fed. Reg. 86,787 (Dep't Commerce Oct. 31, 2024) ..............................................................3

Ct. No. 24-00211

## I.  INTRODUCTION

On behalf of Proposed Defendant-Intervenor the American Line Pipe Producers Association Trade Committee (the "ALPPA Trade Committee"), we respectfully submit this amicus curiae brief in support of the motion to dismiss filed by Defendant United States (the "Government").  Def.'s Mot. to Dismiss and Resp. in Opp'n to Pl.'s Mot. for a Statutory Inj. (Mar. 20, 2025), ECF No. 24 ("Government Mot. to Dismiss").  This brief is filed with the Court's permission and in accordance with the scheduling order issued by the Court on February 19, 2025. *See* Order (Feb. 19, 2025), ECF No. 22.

## II.  ARGUMENT

ALPPA Trade Committee supports the arguments set forth in the motion to dismiss filed by the Government, as reiterated below.  *See* Government Mot. to Dismiss.

### A.  Pipe & Piling's Failure to Comply with the Statutory Requirements For Determinations Involving USMCA Parties Deprives the Court of Jurisdiction

ALPPA Trade Committee agrees with the Government that the Court should dismiss Pipe & Piling's appeal for lack of subject matter jurisdiction.  *See* Government Mot. to Dismiss at 6-12.  Pipe & Piling failed to comply with the statutory requirements governing proceedings involving parties to the United States-Mexico-Canada Agreement ("USMCA").  These are jurisdictional requirements and thus, Pipe & Piling's noncompliance deprives the Court of jurisdiction over this action.

Section 516A(g)(2) of the Tariff Act, as amended, (the "Act") provides USMCA binational panels with exclusive jurisdiction in reviewing determinations involving free trade area country ("FTA") merchandise, *i.e.*, merchandise from Canada or Mexico, *see* 19 U.S.C. § 1516a(f)(9), unless one of a limited number of exceptions apply.  Specifically, the statute states that if binational panel review is requested, "the determination is not reviewable under subsection (a) {of Section

1

Ct. No. 24-00211

516A of the Tariff Act of 1930, as amended}" and "no court of the United States has power or jurisdiction to review the determination on any question of law or fact by an action in the nature of mandamus or otherwise." *See* 19 U.S.C. § 1516a(g)(2). The same subsection specifies limited exceptions to exclusive binational panel review, one of which is a determination as to which neither the United States nor the relevant FTA country requested a binational panel review. *See* 19 U.S.C. § 1516a(g)(3)(A). However, the same subsection states that this type of determination is reviewable under subsection (a) of the statute, *i.e.*, the subsection governing determinations involving non-FTA merchandise, "<u>only if</u> the party seeking to commence review has provided timely notice of its intent to commence such review to (i) the United States Secretary and the relevant FTA Secretary; (ii) all interested parties who were parties to the proceeding in connection with which the matter arises; and (iii) the administering authority or the Commission, as appropriate." *See* 19 U.S.C. § 1516a(g)(3)(B) (emphasis added).

Given the plain language of the statute, ALPPA Trade Committee agrees with the Government that Congress has clearly indicated that the requirement to provide notice of intent to commence judicial review is jurisdictional. *See* Government Mot. to Dismiss at 9-10. ALPPA Trade Committee submits that this case is thus distinct from the cases in which the Supreme Court has held that certain procedural requirements are not jurisdictional. *See e.g.*, *United States v. Wong*, 575 U.S. 402, 410 (2015); *Harrow v. DOD*, 601 U.S. 480, 484-85 (2024); *Santos-Zacaria v. Garland*, 598 U.S. 411, 416-17 (2023) (quoting *Boechler, P.C. v. Comm'r of Internal Revenue*, 596 U.S. 199, 203 (2022)). Pipe & Piling provided no notice of its intent to commence judicial review, let alone timely notice. Pipe & Piling plainly failed to comply with the jurisdictional notice requirement in Section 516A(g)(3)(B) and thus, cannot invoke the Court's jurisdiction under subsection (a) of Section 516A of the Act.

Ct. No. 24-00211

ALPPA Trade Committee also agrees with the Government that Pipe & Piling's failure to comply with the timing requirement of Section 516A(a)(5) of the Act further warrants dismissal of Pipe & Piling's appeal.  Government Mot. to Dismiss at 12.  In Section 516A(a)(5)(A) of the Act, Congress prohibited the commencement of an action challenging a final determination in an administrative review until the 31st day after the date on which the applicable determination is published in the Federal Register, *i.e.*, after the expiration of the time to request exclusive binational panel review.  *See* 19 U.S.C. § 1516a(5)(A).  Pipe & Piling filed its summons on the 27th day after publication of the contested final determination in the Federal Register, *i.e.*, before it was statutorily permitted to do so.  Summons (Nov. 27, 2024), ECF No. 1; *Large Diameter Welded Pipe from Canada*, 89 Fed. Reg. 86,787 (Dep't Commerce Oct. 31, 2024) (final results of antidumping duty admin. rev.; 2022-2023).  Pipe & Piling's failure to comply with this statutory requirement also warrants dismissal of its appeal.

B. <u>**Equitable Tolling Does Not Apply to Pipe & Piling's Failure to Comply with the Statutory Requirements**</u>

ALPPA Trade Committee agrees with the Government that even if the Court were to find the requirement to provide notice of intent to commence judicial review in Section 516A(g)(3)(B) to not be jurisdictional, Pipe & Piling's failure to comply with these statutory requirements nonetheless warrant dismissal.  Government Mot. to Dismiss at 13-17.  In particular, ALPPA Trade Committee agrees that these requirements are mandatory and are not subject to equitable tolling. The plain language and structure of the statute indicates that Congress intended to provide for exclusive binational panel review of determinations involving merchandise from FTA countries with only certain limited exceptions.  None of these exceptions apply because Pipe & Piling failed to comply with the statutory requirements.  Equitable tolling of these requirements would be

Ct. No. 24-00211

inconsistent with the statutory scheme, and thus, is unavailable for Pipe & Piling.[1]  *See Arellano v. McDonough*, 598 U.S. 1, 6 (2023) (finding that the presumption that federal statutes of limitations are subject to equitable tolling is rebutted if equitable tolling is inconsistent with the statutory scheme).

In addition to the Government's arguments, the ALPPA Trade Committee wishes to note that even if equitable tolling were considered, it would not be justified for Pipe & Piling. "Equitable tolling is generally limited to situations either where a claimant 'has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass'" or "where a claimant has actively pursued judicial relief by filing a defective pleading within the statutory time period . . . ." *See All Tools, Inc. v. United States*, 34 CIT 1318, 1326 (2010) (citing *Former Emps. of Siemens Info. Commc'n Networks, Inc. v. Herman*, 24 CIT 1201, 1208, 120 F. Supp. 2d 1107, 1113-1114 (2000) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).

In its motion for a statutory injunction, Pipe & Piling argued that it is likely to overcome jurisdictional challenges, specifying the following reasons: (1) because this is an antidumping proceeding, any failure to notify the government of Canada is a harmless error because the Canadian government is not involved in this antidumping procedure and (2) no other parties filed a request for a binational panel review in this matter.  Pl.'s Mot. for Statutory Inj. (Jan. 27, 2025), ECF No. 13.  These circumstances clearly do not justify equitable tolling.  Pipe & Piling simply did not comply with the notice requirement in the statute, which the statute expressly required it to provide to both involved USMCA secretaries, all interested parties that were parties to the

---

[1]    The ALPPA Trade Committee agrees with the Government that a notice requirement is not the typical rule for which the courts have occasion to consider equitable tolling but nonetheless notes that if there were a potential presumption of equitable tolling, it would be overcome *See* Government Mot. to Dismiss at 15.

Ct. No. 24-00211

underlying proceeding, and the U.S. Department of Commerce, and which would have provided

notice to interested parties of the opportunity to request binational panel review.

III.    **<u>CONCLUSION</u>**

For the reasons discussed above and in the Government's motion to dismiss, Proposed

Defendant-Intervenor ALPPA Trade Committee respectfully requests that the Court grant

Defendant's motion to dismiss this action.

<div style="margin-left:40%">

Respectfully submitted,

*/s/ Timothy C. Brightbill*
Timothy C. Brightbill, Esq.
Laura El-Sabaawi, Esq.
Elizabeth S. Lee, Esq.

**WILEY REIN LLP**
2050 M Street, NW
Washington, DC 20036
(202) 719-7000

*Counsel to the American Line Pipe
Producers Association Trade Committee*

</div>

March 27, 2025

<u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Chamber Procedure 2(B)(1), the undersigned certifies that this brief complies with the word limitation requirement.  The word count for Proposed Defendant-Intervenor The American Line Pipe Producers Association Trade Committee's Brief in Support of Defendant's Motion to Dismiss, as computed by Wiley Rein LLP's word processing system (Microsoft Word 2019), is 1,322 words.

_/s/ Timothy C. Brightbill_
(Signature of Attorney)

_Timothy C. Brightbill_
(Name of Attorney)

_The American Line Pipe Producers Association Trade Committee_
(Representative Of)

_March 27, 2025_
(Date)