# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

|  |  |
|---|---|
| PIPE & PILING SUPPLIES, <br><br>    Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br>    Defendant, <br><br> and <br><br> AMERICAN LINE PIPE PRODUCERS ASSOCIATION TRADE COMMITTEE <br><br>    Proposed Defendant-Intervenor. | Court No. 24-00211 |

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

|  |  |
|---|---|
|  | YAAKOV M. ROTH <br> Acting Assistant Attorney General <br><br> PATRICIA M. McCARTHY <br> Director |
| OF COUNSEL <br><br> Fee Pauwels <br> Attorney <br> Office of the Chief Counsel <br>    for Trade Enforcement and Compliance <br> United States Department of Commerce | CLAUDIA BURKE <br> Deputy Director <br><br> ISABELLE AUBRUN <br> Trial Attorney <br> U.S. Department of Justice, Civil Division <br> P.O. Box 480, Ben Franklin Station <br> Washington, D.C. 20044 <br> Tel: (202) 616-0465 <br> Email: isabelle.aubrun2@usdoj.gov |
| May 19, 2025 | *Attorneys for Defendant* |

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

ARGUMENT .......................................................................................................................... 1

    I.      The Jurisdictional Question Is Whether This Court Can Hear Pipe & Piling's Challenge To Commerce's Antidumping Determination ........................... 1

    II.     The Court Should Dismiss Pipe & Piling's Complaint Because Pipe & Piling Did Not Comply With The Statute ................................................................ 2

          A.     19 U.S.C. § 1516a(g)(3)(B) Imposes A Limit On This Court's Jurisdiction ................................................................................................... 3

          B.     The Notice Requirement Of The Special Rule Is Mandatory And Therefore Cannot Be Equitably Tolled ................................................ 7

          C.     Even If The Notice Requirement Could Theoretically Be Tolled, Tolling Is Not Available To Pipe & Piling ..................................... 9

CONCLUSION ..................................................................................................................... 11

## TABLE OF AUTHORITIES

### CASES

*American Cast Iron v. United States*,
  405 F. Supp. 3d 1378 (Ct. Int'l Trade 2019) .......................................................... 6, 11

*Arellano v. McDonough*,
  598 U.S. 1 (2023) ......................................................................................................... 7

*Bhullar v. United States*,
  27 C.I.T. 532 (2003) ................................................................................................. 2, 6

*Bld. Sys de Mex., S.A. de C.V. v. United States*,
  476 F. Supp. 3d 1401 (Ct. Int'l Trade 2020) ............................................................... 2

*Boechler, P.C. v. Comm'r*,
  596 U.S. 199 (2022) ..................................................................................................... 3

*Desert Glory, Ltd. v. United States*,
  29 C.I.T. 462 (2005) ................................................................................................. 5, 9

*Grobest & I-Mei Indus. (Vietnam) Co. v. United States*,
  815 F. Supp. 2d 1342 (Ct. Int'l Trade 2012) ............................................................... 8

*Harrow v. DOD*,
  601 U.S. 480 (2024) ............................................................................................ 3, 4, 7

*Holland v. Florida*,
  560 U.S. 631 (2010) ................................................................................................. 7, 9

*Menominee Indian Tribe v. United States*,
  577 U.S. 250 (2016) .................................................................................................... 10

*MOAC Mall Holdings LLC v. Transform Holdcon LLC*,
  598 U.S. 288 (2023) ..................................................................................................... 4

*Norsk Hydro Can., Inc. v. United States*,
  472 F.3d 1347 (Fed. Cir. 2006) ................................................................................... 1

*United States v. Brockamp*,
  519 U.S. 347 (1997) ..................................................................................................... 7

### STATUTES

19 U.S.C. §1516a(a)(5)(A) ................................................................................................ 7

19 U.S.C. §1516a(g)(4) ........................................................................................................... 1

19 U.S.C. § 1516a(g)(2) ................................................................................................... 3, 5, 7

19 U.S.C. § 1516a(g)(3)(B) ............................................................................................ passim

19 U.S.C. § 1516a(g)(4)(B) ................................................................................................... 2

19 U.S.C. § 2501 ................................................................................................................... 8

## LEGISLATIVE MATERIALS

*United States-Canda Free Trade Agreement*, Statement of Administrative Action,
H.R. Doc. No. 100-216, 100th Cong., 2nd Sess. (1988) ............................................................5, 8

Pipe & Piling Supplies' (Pipe & Piling) complaint should be dismissed pursuant to Rules 12(b)(1) or 12(b)(6) of the United States Court of International Trade (USCIT R.).

Pipe & Piling concedes that it did not do as the statute required when it filed its summons and complaint without providing notice of its intent to seek judicial review and prior to the window for requesting judicial review. Plaintiff's Response (ECF No. 27) at 1. But Pipe & Piling shrugs this off as a mere "filing error." *Id.* In so doing, Pipe & Piling reads the notice provision as optional, rendering it meaningless. To interpret 19 U.S.C. § 1516a(g)(3)(B) (the Special Rule) as inconsequential nullifies its very purpose: to allow *the other parties* to elect binational panel review in lieu of judicial review. Government Motion to Dismiss (ECF No. 24) 10-12. These requirements are jurisdictional or at the very least mandatory. The Court should therefore dismiss Pipe & Piling's complaint for lack of jurisdiction or for failure to state a claim.

## ARGUMENT

I.  The Jurisdictional Question Is Whether This Court Can Hear Pipe & Piling's Challenge To Commerce's Antidumping Determination

The sole issue before this Court is whether it has jurisdiction over Pipe & Piling's challenge. *See generally* Complaint (ECF Nos. 9, 10). This Court, like all federal courts, can only consider cases within its limited jurisdiction. *See Norsk Hydro Can., Inc. v. United States*, 472 F.3d 1347, 1355 (Fed. Cir. 2006). Jurisdiction is a "threshold question" that the Court must establish before it can consider the merits of any challenge. *See id.* at 1354.

Pipe & Piling attempts to avoid the jurisdictional question, claiming that the case involves "three distinct questions" relating to the availability of equitable tolling, which Pipe & Piling argues may only be answered by a three-judge panel pursuant to 19 U.S.C. §1516a(g)(4). Resp. 7, 7-20. Pipe & Piling believes its disregard for the Special Rule inflates a question of statutory interpretation into a constitutional one. *See* Resp. 8 (arguing that here the Court must

"decid{e} a question that implicates the constitutionality of a statutory provision like the Special Rule.").

Specifically, section 1516a(g)(4)(B) reads: "review is available under subsection (a) {*i.e.*, at the Court of International Trade} with respect to a *determination solely concerning a constitutional issue* {} arising under any law of the United States *as enacted or* applied {and} shall be assigned to a 3-judge panel of the {Court of International Trade}" (emphasis added). This provision is limited to "constitutional challenges to antidumping or countervailing duty laws." *Bld. Sys de Mex., S.A. de C.V. v. United States*, 476 F. Supp. 3d 1401, 1407-08 (Ct. Int'l Trad 2020) (*Building Systems*); *see also Bhullar v. United States*, 27 C.I.T. 532, 543 (2003) (declining to apply 19 U.S.C. § 1516a(g)(4) where "there are no constitutional issues raised in Plaintiff's complaint"). But Pipe & Piling neither challenges the constitutionality of the statute nor makes any mention of the notice and timing requirements in 19 U.S.C. §§ 1516a(g)(3)(B) & (a)(5)(A). *See generally* Compl. Quite the opposite: this jurisdictional question arises out of deficiencies in Pipe & Piling's complaint and concerns the Court's assessment of its own jurisdiction.[1] There is nothing constitutional about it. And although the Court's case management decisions are, of course, within its discretion, this Court routinely decides jurisdictional questions without a three-judge panel.

II.     The Court Should Dismiss Pipe & Piling's Complaint Because Pipe & Piling Did Not Comply With The Statute

There is no dispute that Pipe & Piling failed to provide the required notice of its intent to seek judicial review, nor that it did not then wait at least 10 additional days thereafter to file its

---

[1] Pipe & Piling's argument that the Government's interpretation creates a "constitutional conflict between the USMCA and its implementing statute," Resp. 16, likewise does not challenge any determination by Commerce, and therefore is not covered by 19 U.S.C. § 1516a(g)(4)(B).

2

summons and complaint. *See* Resp. 1. The only dispute, then, is what consequences result. The Court should dismiss Pipe & Piling's complaint for lack of jurisdiction because the Special Rule is a jurisdictional requirement. *See* Mot. 7-10. And even if the Court disagrees, it should nevertheless determine that the statutory notice and filing requirements for free trade area (FTA) countries are mandatory and therefore cannot be equitably tolled. *See* Mot. 13-17.

        A.      <u>19 U.S.C. § 1516a(g)(3)(B) Imposes A Limit On This Court's Jurisdiction</u>

The plain language of the Special Rule confirms it is a jurisdictional requirement. Mot. 7-10. "Review of countervailing duty and antidumping duty determinations involving {FTA} country merchandise" gets "exclusive review by binational panels" under the Tariff Act whenever a binational panel is requested. 19 U.S.C. § 1516a(g)(2). To ensure parties have a meaningful opportunity to seek binational panel review, the only way that a party like Pipe & Piling can instead get judicial review is to provide timely notice that it intends to seek judicial rather than binational panel review. 19 U.S.C. §1516(a)(g)(3)(B); *see also* USMCA Art. 10.12(15)(c)(ii). An interested party only gains entry into this Court, however, if after waiting an additional ten days, "neither the United States nor the relevant FTA country requested review by a binational panel{.}" 19 U.S.C. §§ 1516a(g)(3)(A)(i), (g)(5)(A).

The Special Rule looks nothing like the time bars that the Supreme Court has regularly held non-jurisdictional. Mot. 8; *see e.g.*, *Harrow v. DOD*, 601 U.S. 480 482-85 (2024). Here, the statute conditions the Court's ability to review an antidumping or countervailing duty determination concerning an FTA country on that party having provided notice. 19 U.S.C. § 1516a(g)(3)(B). This is precisely the "clear tie" between the default grant of jurisdiction to binational panels in 19 U.S.C. §1516a(g)(2) and the conditions an interested party must meet to be heard in this Court under the limited, notice-dependent exception in 19 U.S.C. §1516a(g)(3)(B). *See* Mot. 10; *see also Boechler, P.C. v. Comm'r*, 596 U.S. 199, 205-207

3

(2022) ("the important feature is…a clear tie between the deadline and the jurisdictional grant.") And, the legislative history indicates that "Congress' likely intent" was to make the right to review by this Court, rather than a binational panel, only possible after a challenging party provided notice and then waited an additional 10 days to permit other interested parties the chance to nevertheless be heard by a binational panel. *See* Mot. 10-12, n. 6; *see also MOAC Mall Holdings LLC v. Transform Holdcon LLC*, 598 U.S. 288, 298 (2023).

       Pipe & Piling's alternative reading misses the mark. For one, it largely fails to respond to the Government's *actual* jurisdictional argument beyond listing case law, and neither refutes the jurisdictional nature of the Special Rule nor provides a counternarrative to the legislative history that sought to protect FTA countries' right to binational panel review.[2] *See* Resp. 11-14. Instead, Pipe & Piling collapses the analysis, barely substantiating its claim that the Special Rule is not jurisdictional before moving on to explain why it is subject to equitable tolling. *See* Resp. 14-16. But whether a statute is jurisdictional and whether its statutory structure overcomes the presumption in favor of equitable tolling are two separate questions, the first informing the need to consider the second. *See e.g.*, *Harrow v. DOD*, 601 U.S. at 489 (having decided that a statutory deadline was non-jurisdictional, the Supreme Court remanded to the Federal Circuit to determine whether the statute was subject to equitable tolling).

       Pipe & Piling claims that "{t}his convoluted statutory scheme with carve-outs for judicial review is hardly a 'clear' enough statement to pass the high bar that the notice requirements of

---

[2] The closest Pipe & Piling gets to discussing relevant legislative history is in its fact section, pointing to "sharp debates over the constitutionality of panel review" and "Canada and the United States' intent in establishing binational panel review of AD/CVD cases." Resp. 4-6. Neither is relevant. Really, Pipe & Piling undercuts its arguments about legislative concerns by emphasizing Canada's (and later Mexico's) enduring commitment to preserving binational panel review. *Id.*

4

the Special Rule are jurisdictional." Resp. 14.  In support, Pipe & Piling argues that "{t}he only portion of the Special Rule that uses the term 'jurisdiction'…states that "*if*" a binational panel is requested, 'then, except as provided in paragraphs (3) and (4)…no court of the United States has the power of jurisdiction to review the determination on any question of law of fact." *Id.* (citing 19 U.S.C. §1516a(g)(2)) (emphasis in original).  According to Pipe & Piling, the statute only speaks in terms of jurisdiction if a binational panel is requested so, if no panel is requested, this Court must have jurisdiction.  Resp. 12.  This is contrary to this Court's precedent (as we describe below) and fails to acknowledge that the complaint's deficiencies are not mere time-of-filing ones.

Pipe & Piling seems to suggest that if—and indeed here, *because*—no interested party requested binational panel review, Pipe & Piling has an unobstructed path to judicial review. But this formulation conveniently ignores Pipe & Piling's obligation to put interested parties on notice of their need to seek binational panel review. The statute expressly provides that "{a} determination described in subparagraph (A)(i) or (iv) is reviewable under subsection (a) *only if* the party seeking to commence review has provided timely notice of its intent to commence such review." *See* U.S.C. §1516a(g)(3)(B) (emphasis added).  Subparagraph (A)(i) refers to "a determination as to which neither the United States nor the relevant FTA country requested review by a binational panel pursuant to" the USMCA.  19 U.S.C. § 1516a(g)(3)(A)(i).  In other words, the statute plainly instructs that even when no FTA country requested binational panel review, judicial review is available "*only if the party seeking to commence review has provided timely notice of its intent to commence such review . . .*" 19 U.S.C. § 1516a(g)(3)(B) (emphasis added).  Pipe & Piling's interpretation guts the purpose of the statue, which is to allow interested parties a 10-day period following receipt of notice during which they may "make an informed

5

choice of forums," including a preference for a binational panel. *Desert Glory, Ltd. v. United States*, 29 C.I.T. 462, 472 (2005) (citing Statement of Administrative Action, H.R. Doc. No. 100-216, 100th Cong., 2nd Sess. (1988), at 261 (CFTA SAA) at 101.

Pipe & Piling incorrectly argues that neither *Bhullar* nor *American Cast Iron* should inform the Court's analysis. Resp. 19-20. In *Bhullar*, that binational panel review had already been requested is of no consequence. There, the Court explained that had plaintiff brought a claim that could only be heard by the Court and not a binational panel, "{p}laintiff {nevertheless} failed to provide the required statutory notice; therefore, Plaintiff's action must be dismissed for lack of subject matter jurisdiction." *Bhullar*, 27 C.I.T. at 543. Pipe & Piling's qualms with the value of *American Cast Iron* fall similarly flat. That case concluded that "{u}nder the Special Rule, the providing of timely notice is a jurisdictional requirement." *American Cast Iron v. United States*, 405 F. Supp. 3d 1378, 1382 (Ct. Int'l Trade 2019). Pipe & Piling incorrectly suggests that the analysis is inapplicable because the Court did not address equitable tolling or the so-called constitutional questions that Pipe & Piling claims lurk in its complaint. Resp. 19-20. But the Court in *American Cast Iron* did not address equitable tolling precisely because it found it lacked jurisdiction and dismissed the action accordingly. *American Cast Iron*, 405 F. Supp. at 1382.

Finally, Pipe & Piling asserts that "the Government of Canada has no interest in this antidumping case and as such has not and will not request a panel even if the statute is tolled." Resp. 21. Not only does Pipe & Piling offer no basis for the claim that the Government of Canada would not request a binational panel if put on notice, but even if this were true, it does not undo Pipe & Piling's obligation under the Special Rule. Mot. 20-22.

Because Pipe & Piling has not carried its burden to establish the Court's jurisdiction, the

Court should dismiss the complaint.  USCIT R. 12(b)(1).

      B.      <u>The Notice Requirement Of The Special Rule Is Mandatory And Therefore Cannot Be Equitably Tolled</u>

Even if the Court finds that the Special Rule is not jurisdictional, it should nevertheless decide that, based on the statutory structure, Congress did not envision equitable tolling of 19 U.S.C. §§1516a(g)(3)(B) and (a)(5)(A).  *See Harrow*, 601 U.S. at 489.  As discussed earlier, the statute plainly instructs that judicial review is available "only if the party seeking to commence review has provided timely notice of its intent to commence such review. . . "  19 U.S.C. § 1516a(g)(3)(B).

This is hardly a "convoluted statutory scheme," as Pipe & Piling insists.  Resp. 14. Congress enacted a *detailed* statutory structure for challenging Commerce's determinations regarding FTA country merchandise by importing the USMCA's provisions for exclusive binational panel review into 19 U.S.C. § 1516a(g)(2), outlining a specific exceptions to that review in 19 U.S.C. §§ 1516a(g)(3) & (4), and giving effect to the notice rule by requiring the challenging party wait another 10 days before filing its summons in 19 U.S.C. §1516a(a)(5)(A). *See* USMCA Art. 10.12.  If Congress wanted to limit exclusive binational panel review in favor of judicial review by, for example, dispensing with the notice requirement, "it is difficult to see why it spelled out" the precise way for seeking judicial review as an *exception*—in a way that perfectly tracks the USMCA.  Mot. at 16; s*ee Arellano v. McDonough*, 598 U.S. 1, 9 (2023).[3]

Here, "equitable tolling is inconsistent with the statutory scheme." *Arellano*, 598 U.S. at 9, 7 ("'The presumption is rebutted if "there [is] good reason to believe that Congress

---

[3] The list of considerations Pipe & Piling cites from *Holland v. Florida*, 560 U.S. 631, 646-47 (2010), is not exhaustive.  Resp. 14-15.  Indeed, in a statute-specific inquiry such as whether Congress intended a statute to be mandatory, the Court should look to additional cases for models of a mandatory scheme.  Mot. 14-16

7

did *not* want the equitable tolling doctrine to apply.'") (quoting *United States v. Brockamp*, 519 U.S. 347, 350 (1997) (emphasis in original). There is ample reason to believe Congress did not intend for the Court to suspend the notice and timing requirements in 19 U.S.C. §1516a: they are the sole means for protecting the intent to substitute judicial review with binational panel review. *See* 19 U.S.C. § 2501 (USMCA Implementation Act) and CFTA SAA at 96; *see also* USMCA Art. 10.12(1)-(9), (15).

Pipe & Piling nonetheless relies on the proposition that "equitable tolling is available in cases involving non-FTA countries" to suggest the same must also be true here. Resp. 8, 17-18 (citing *Grobest & I-Mei Indus. (Vietnam) Co. v. United States*, 815 F. Supp. 2d 1342, 1367 (Ct. Int'l Trade 2012)). In *Grobest*, the Court considered the wholly unrelated question of whether *Commerce* abused its discretion when it rejected a party's untimely filing. *Grobest*, 815 F. Supp. 2d at 1364-67. This is obviously not germane to whether the Court can equitably toll or otherwise suspend Pipe & Piling's obligation to follow the Special Ruling and timing requirements.

In an additional attempt to read equitable tolling into the statute, Pipe & Piling claims that "the USMCA expressly contemplates the availability of equitable tolling," citing the USMCA's instruction that parties "adopt or maintain rules of procedure based, where appropriate, on judicial rules of appellate procedure, and shall include rules concerning…computation and extensions of time." Resp. 15 (quoting USMCA Art. 10.12(14)). This is both incorrect and irrelevant. For one, the power to equitably toll a statutory deadline is hardly the same as the mere ability to grant an extension of a briefing deadline. But more to the point, USMCA Art. 10.12(14) concerns procedures that the *binational panel* must adopt, not this Court.

Nor does this section of the USMCA mean that a binational panel can itself equitably toll

8

the notice requirement and therefore, that this Court should do the same. Pipe & Piling argues that "the most appropriate way to grant {equitable} relief would be to toll the notice provisions of the Special Rule such that other parties could have an opportunity to request a binational panel and, if no panel is requested, Pipe & Piling could then re-file its complaint for judicial review and its request for injunctive relief in the interim." Resp. 21. This is an unfounded proposal. Unlike this Court, a binational panel lacks powers in equity such that it cannot "toll" the 30-day statutory deadline for seeking binational panel review. Mot. 21. In any event this Court should not permit equitable tolling of the deadlines *it* enforces in hopes that the binational panel will or even can do the same with its own. Nor can this Court compel a parallel forum to take such action. *See* Mot. 20-21. As we explained, if Pipe & Piling were permitted to provide notice *after* the 30-day period during which parties can request binational panel review lapsed, it would defang the statutory protection establishing binational panel review as the preferred forum. Mot. 17; *see Desert Glory*, 29 C.I.T. at 467 n.9 (2005)).

Because Pipe & Piling has not plausibly alleged that it complied with the requirements of 19 U.S.C. §§ 1516a(g)(3)(B) and (a)(5)(A), nor has it established that those requirements are anything other than mandatory (e.g., not subject to equitable tolling), the Court should in the alternative dismiss the complaint for failing to state a claim upon which it can grant relief. USCIT Rule 12(b)(6).

    C.    <u>Even If The Notice Requirement Could Theoretically Be Tolled, Tolling Is Not Available To Pipe & Piling</u>

Even if equitable tolling could be permitted, Pipe & Piling cannot show it is warranted here. "{A} petitioner is entitled to equitable tolling only if {it} shows that (1) {it} has been pursing {its} rights diligently, and (2) that some extraordinary circumstance stood in {its} way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations

9

omitted).  The Supreme Court "reaffirmed that the second prong…is met only where the circumstances that caused a {petitioner's} delay are both extraordinary *and* beyond its control." *Menominee Indian Tribe v. United States*, 577 U.S. 250, 257 (2016) (emphasis in original).

Pipe & Piling has met neither prong.  Nor has it made any arguments as to why it could.  Instead, Pipe & Piling argues that it is entitled to equitable tolling based on some mix of the merits of its underlying challenge to Commerce's antidumping determination, and that "the burden to the Government of equitable tolling is negligible in comparison to the immense harm {to} Pipe & Piling."  Resp. 21.   Pipe & Piling's questionable claim that it "diligently tried to pursue its judicial remedies but in good faith filed a defective pleading" is irrelevant.  *Id.* at 22, 7.  Because Pipe & Piling provides no facts to support entitlement to equitable tolling, its plea fails.

Threaded throughout Pipe & Piling's response is a request that the Court look the other way when it comes to 19 U.S.C. §§ 1516a(g)(3)(B) and (a)(5)(A) because Pipe & Piling trades goods from an FTA country.  *See e.g.*, Resp. 11 ("Such a result would be contrary to the purpose of binational panel review…"); 16 ("The interpretation of the Special Rule urged by the Government would conflict with the intent behind the USMCA as a 'contract between two nations.'") (internal citation omitted); 18 ("How then, could the Government now argue that in implementing the USMCA, Congress intended to provide *less* process to plaintiffs like Pipe & Piling merely because they import from a free trade nation?") (emphasis in original).  This argument defies logic and misinterprets the whole point of the Special Rule—to protect USMCA parties' right to binational panel review in the first place.  Indeed, had Pipe & Piling provided notice then simply filed early, this error might have been fixable by refiling once the 30 days had elapsed.  Bringing a claim as an FTA country is not a get-out-of-jail-free card, it simply means that FTA parties must follow different processes to get review.  And to read these provisions as

jurisdictional in nature is neither "draconian" nor "highly disfavored." Resp. 12, 22. To effectuate the *meaningful* opportunity to seek binational panel review, this Court's jurisdiction must be limited where that opportunity was not provided. *See American Cast Iron*, 405 F. Supp. 3d at 1383. That failure to provide notice limits the Court's ability to hear this case is not an extreme result, but the express intent of Congress. Mot. 7-12. Pipe & Piling's argument here risks doing exactly what it warns against—hobbling access to the "theoretically less U.S-biased review," Resp. 11. The Government urges the Court to preserve the right to binational panel review, with an exception for judicial review, by dismissing Pipe & Piling's complaint.

## CONCLUSION

For these reasons and those set forth in our opening motion, we respectfully request that the Court dismiss Pipe & Piling's complaint for lack of subject matter jurisdiction or, at a minimum, for failure to state a claim upon which any relief can be granted.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | YAAKOV M. ROTH<br>Acting Assistant Attorney General |
|  | PATRICIA M. McCARTHY<br>Director |
| OF COUNSEL | CLAUDIA BURKE<br>Deputy Director |
| Fee Pauwels<br>Attorney<br>Office of the Chief Counsel<br>  for Trade Enforcement and Compliance<br>United States Department of Commerce | ISABELLE AUBRUN<br>Trial Attorney<br>U.S. Department of Justice, Civil Division<br>P.O. Box 480, Ben Franklin Station<br>Washington, D.C. 20044<br>Tel: (202) 616-0465<br>Email: isabelle.aubrun2@usdoj.gov |
| May 19, 2025 | *Attorneys for Defendant* |

**CERTIFICATE OF COMPLIANCE**

I hereby certify, pursuant to section 2(B)(1) of the Standard Chambers Procedures of this Court, that this brief contains no more than 3,497 words, excluding the table of contents, table of authorities, any addendum containing statutes, rules or regulations, any certificates of counsel, and counsel's signature, as calculated by the word processing system used to prepare this brief (Microsoft Word).

/s/ Isabelle Aubrun