Slip Op. 26-11

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| PIPE & PILING SUPPLIES,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES,<br><br>        Defendant,<br><br>    and<br><br>AMERICAN LINE PIPE PRODUCERS ASSOCIATION TRADE COMMITTEE,<br><br>        Defendant-Intervenor. | Before: Jane A. Restani, Judge<br><br>Court No. 24-00211 |

## MEMORANDUM AND ORDER

[The court grants plaintiff's motion for injunction pending appeal.]

Dated: February 11, 2026

Alexander Hume Schaefer, Crowell & Moring, LLP, of Washington, DC, for plaintiff Pipe & Piling Supplies.  With him on the brief were Meaghan Allyssa Katz, Pierce Jungwoon Lee, and Weronika Bukowski.

Isabelle Aubrun, U.S. Department of Justice, of Washington, DC, for the defendant.  Of counsel on the brief was Fee Pauwels, Office of Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce, of Washington, DC.

Timothy C. Brightbill, Wiley Rein, LLP, of Washington, DC, for defendant-intervenor American Line Pipe Producers Association Trade Committee. With him on the brief were Elizabeth Seungyon Lee, Laura El-Sabaawi, Paul J. Coyle, and Paul A. Devamithran.

      Restani, Judge:  Plaintiff Pipe & Piling Supplies seeks an injunction pending appeal.

Partial Consent Mot. for Inj. Pending Appeal, ECF No. 39 (Feb. 10, 2026) ("Pl. Mot. for Inj.").

See generally 28 U.S.C. § 1291; U.S. Ct. Int'l Trade R. 62; Fed. R. App. P. 8.  The court has ruled

that it has no jurisdiction in this matter, <u>Pipe & Piling Supplies v. United States</u>, 798 F. Supp. 3d

1370, 1378 (CIT 2025), and sees no reason to doubt that conclusion.  The court has not examined

the underlying merits of the action, but ordinarily suits brought before the court pursuant to 28

U.S.C. § 1581(c) jurisdiction, such as this, present enough doubt to warrant full consideration by

the court and statutory injunctive relief, <u>see</u> 19 U.S.C. §§ 1516a(c), (e), once jurisdiction is

established.

More importantly, because the court found it had no jurisdiction to do so, it stated that it

"denies Pipe & Piling's motion for a statutory injunction." <u>Pipe & Piling</u>, 798 F. Supp. 3d at 1378

(citation modified).  This terminated any temporary injunction that was extant pending the

resolution of the jurisdictional dispute.  <u>See</u> Scheduling Order at 2, ECF No. 22 (Feb. 19, 2025)

("temporarily enjoin[ing] Defendant from liquidating or permitting liquidation of any unliquidated

entries of Large Diameter Welded Pipe from Canada," in relevant part, pending resolution of the

Motion to Dismiss).  Thus, the only issue now before the court is whether it should grant an

injunction of liquidation pending appeal.[1]  <u>See</u> Pl. Mot. for Inj.  An injunction pending appeal

requires the satisfaction of four factors: "(1) whether the injunction applicant has made a strong

showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably

injured absent a stay; (3) whether issuance of the injunction will substantially injure the other

parties interested in the proceeding; and (4) where the public interest lies."  <u>Amsted Rail Co. v.</u>

<u>U.S. Int'l Trade Comm'n</u>, 607 F. Supp. 3d 1293, 1289 (CIT 2022) (citation modified) (citation

omitted).

---

[1] "The general weight of the authority among district courts and the Court of International Trade
indicates that courts may consider motions for injunction pending appeal after dismissal for lack
of subject matter jurisdiction."  <u>Amsted Rail Co. v. U.S. Int'l Trade Comm'n</u>, 607 F. Supp. 3d
1293, 1289 n.5 (CIT 2022) (collecting cases).

Plaintiff alleges deemed liquidation under 19 U.S.C. § 1504(d), based on no active liquidation by the government, is imminent for the set of entries at issue in the underlying administrative review. Pl. Mot. for Inj. at 1. Thus, the court assumes this matter is not currently moot. No party has alleged that it is. If the court had found that it had jurisdiction, it would have granted the relief sought in the normal course. That is, it would have granted injunctive relief from the outset under 19 U.S.C. §§ 1516a(c), (e).

The government consents to the primary relief sought, that is injunction of liquidation pending appeal. Pl. Mot. for Inj. at 2. Defendant-intervenor takes no position. Id.

Plaintiff filed its notice of appeal on November 7, 2025, see Notice of Appeal of Orders, ECF No. 37 (Nov. 7, 2025), but did not seek injunctive relief at that time. No party has objected to an injunction pending appeal based on delay in seeking this relief for several months. Because plaintiff will lose the opportunity to press its appeal if liquidation is not enjoined, it will suffer irreparable harm. See Potter-Roemer, Inc. v. United States, 702 F. Supp. 911, 913 (CIT 1988) ("If liquidation of the reviewed entries occurs, the Court of Appeals will lose jurisdiction to hear the appeal, because the action would be rendered moot. Liquidation in [] case[s] [brought under 28 U.S.C. § 1581(c)] constitutes irreparable harm.") (citing Zenith Radio Corp. v. United States, 710 F.2d 806, 810 (Fed. Cir. 1983)); Mid Continent Steel & Wire, Inc. v. United States, 427 F. Supp. 3d 1375, 1382 (CIT 2020) ("The danger of liquidation pending judicial review . . . constitutes irreparable harm."). This factor outweighs what the court views as little chance of success on the merits. Further, no party has alleged it will be harmed by the injunction or that a public interest would not be served by granting it.

Accordingly, plaintiff's motion for a stay of liquidation pending appeal is **GRANTED** in the terms proposed by plaintiff as follow:

**ORDERED** that Defendant-Appellee, United States, together with its delegates, officers, agents, and servants, including employees of U.S. Customs and Border Protection and the U.S. Department of Commerce, is enjoined during the pendency of this litigation, including any appeals, from issuing instructions to liquidate or making or permitting liquidation of any unliquidated entries of Large Diameter Welded Pipe from Canada:

1. That were produced and/ or exported by Pipe & Piling Supplies;

2. That were the subject of the United States Department of Commerce's final determination in <u>Large Diameter Welded Pipe from Canada,</u> 89 Fed. Reg. 86,787 (Oct. 31, 2024);

3. That were entered, or withdrawn from warehouse, for consumption, during the period May 1, 2022, through April 30, 2023;

and it is further

**ORDERED** that the entries subject to this injunction shall be liquidated in accordance with the final court decision in this action, including all appeals and remand proceedings; and it is further

**ORDERED** that any entries inadvertently liquidated after this order is signed but before this injunction is fully implemented by U.S. Customs and Border Protection shall be promptly returned to unliquidated status and suspended in accordance with this injunction.

/s/ Jane A. Restani
Jane A. Restani, Judge

Dated: February 11, 2026
       New York, New York